Chad E. Adams
Hallee C. Frandsen
Browning, Kaleczyc, Berry & Hoven, P.C.
800 N. Last Chance Gulch, Suite 101
P.O. Box 1697
Helena, MT  59624
Telephone: (406) 443-6820
Facsimile:  (406) 443-6883
chad@bkbh.com
hallee@bkbh.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| NATHANIEL LAKE,<br><br>           Plaintiff,<br><br>     v.<br><br>CORECIVIC, INC., d/b/a CROSSROADS CORRECTIONAL CENTER; WARDEN PAT MCTIGHE and DOES 1-10<br><br>           Defendants. | Case No. 4:21-CV-00116-BMM-JTJ<br><br><br>**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS** |

Defendants CoreCivic, Inc. and Warden McTighe (hereinafter "Defendants")

submit this Statement of Undisputed Facts in support of their motion for summary

judgment and pursuant to L.R. 56.1. In support of their summary judgment, Defendants state:

1.     Defendant CoreCivic Inc. owns and operates Crossroads Correctional Center ("CCC") in Shelby, Montana.

2.     Defendant Pat McTighe is the former warden at CCC in Shelby, Montana.

3.     Plaintiff, Nathaniel Lake, was housed as a State of Montana inmate at CCC in Shelby, Montana. He was subsequently released due to the Montana Supreme Court's decision to vacate his conviction in *State of Montana v. Lake*, 445 P.3d 1211 (Mont. 2019).

4.     On or about September 14, 2021, Plaintiff filed a Complaint with this Court alleging Defendants failed to act with reasonable care in providing adequate supervision and protection of the safety of inmates and staff. Plaintiff also alleged Defendants demonstrated deliberate indifference to the substantial risk or serious harm, violating his rights under the Montana Constitution Article II, § 3. Plaintiff further alleged Defendants deprived his rights secured under the Eighth and Fourteenth Amendments. *See* Complaint, pp. 6-12 (Doc. 5).

5.     On March 21, 2021, Plaintiff filed an Amended Complaint to correct the name of Defendant CoreCivic, Inc. and also removed Todd Horn as a defendant. *See* Amended Complaint (Doc. 17).

6.      In his Amended Complaint, Plaintiff indicated that on or about September 17, 2019, he was assaulted by another inmate, Reid Danell. *See* Amended Complaint at ¶ 15 (Doc. 17); *see also* Defendants' Supplemental Expert Disclosure Statement (attached as Exh. A).

7.      Following the incident, CCC personnel responded to the incident and transported him for medical attention and care. *See* Amended Complaint at ¶ 23 (Doc. 17); *see also* Defendants' Supplemental Expert Report, Exh. A.

8.      While recovering with CCC medical personnel, the Montana Supreme Court vacated Plaintiff's conviction. *See* Amended Complaint at ¶ 26 (Doc. 17). Plaintiff was subsequently released from CCC.

9.      The Parties held a F. R. Civ. P. 26(f) conference on January 13, 2022 via telephone, in which the Parties finalized a joint discovery plan. The joint discovery plan noted that discovery was to be completed by November 15, 2022. Further, Plaintiff's liability and damage experts were to be disclosed on July 25, 2022, while Defendants' liability and damage experts were to be disclosed on August 29, 2022. *See* Joint Discovery Plan (Doc. 9).

10.     The Parties were asked to appear for a preliminary pretrial conference on January 26, 2022. Plaintiff's counsel failed to appear. *See* Scheduling Order (Doc. 16).

11.     The Scheduling Order confirmed the discovery deadlines proposed in the Joint Discovery Plan and set other trial related dates.  *See id.*

12.     Defendants disclosed their expert witnesses to Plaintiff's counsel and provided the initial expert report on or about July 25, 2022 per the Court's Scheduling Order.  *See* Email to Plaintiff's Counsel and attached Defendant's Expert Witness Disclosure, Exh. B.  Defendants noted in their expert disclosure the lack of damages documentation received from Plaintiff, making it impossible to evaluate Plaintiff's alleged damages.  *Id.*

13.     After Defendants disclosed their expert report, on July 25, 2022, Plaintiff requested an extension to file Plaintiff's expert report, which was unusual given Defendants had already produced their liability expert report.  *See* Exh. C. However, Defendants did not oppose the extension.  Thus, Plaintiff filed an Unopposed Motion to Vacate the Scheduling Order and Request a Telephonic Scheduling Conference on or about July 25, 2022. (Doc. 19).

14.     In response to the Motion to Vacate, the Parties filed an Amended Joint Discovery Plan on or about August 3, 2022, which reset new discovery deadlines. *See* Amended Joint Discovery Plan (Doc. 21).  Plaintiff's liability and damages experts were due on October 26, 2022; Defendants' liability and damages experts were due on November 30, 2022; discovery is set to close on February 15, 2023; and any dispositive motions are due on March 15, 2023.  *See id.*

15.     To this date, Plaintiff has not sent any written discovery to Defendants.

16.     On or about July 1, 2022, Defendants sent Plaintiff its first combined set of discovery requests to Plaintiff.  *See* Defendants' First Discovery Requests, attached as Exh. D.  These discovery requests were primarily directed at information regarding Plaintiff's alleged damages, including requests for medical documentation of Plaintiff's alleged ongoing injuries and treatments, and with medical personnel who can testify or provide expert opinions to support Plaintiff's allegations against Defendants.

17.     On or about August 3, 2022, Plaintiff responded to Defendants' first set of combined discovery requests.  *See* Plaintiff's Responses to Defendants' First Discovery Requests, attached as Exh. E.   Plaintiff's responses were inadequate and incomplete.  Plaintiff affirmatively stated it would be producing thousands of pages of the requested medical documentation to Defendants as well as other requested information including expert reports.  To this date, Defendants' counsel has not received any medical documentation as requested in its first set of discovery requests.

18.     Specifically, Plaintiff confirmed that he would supplement discovery upon receiving critical medical reports and records.  Plaintiff first stated so in his response to Defendants' Request for Production No. 1:

> **RESPONSE**: Plaintiff's Benefis records number around 5,000 pages.  In effort to save substantial costs, Plaintiff has requested

> that all electronically-stored Benefis records be sent to him directly, and he will forward the records to counsel.  Plaintiff will supplement/refresh his medical records as soon as they are available.

*See* Plaintiff's Discovery Responses, Exh. E, at 3.

19.     Again, Plaintiff stated documents would be supplemented in order to properly assess damages.  Plaintiff stated in his answer to Defendants' Interrogatory No. 3:

> ANSWER:  . . . [f]acts supporting these claims for damages are detailed in Plaintiff's Complaint and ongoing medical records, all to be supplemented as Discovery progresses.

*See* Plaintiff's Discovery Responses, Exh. E, p. 4.

20.     Plaintiff provided similar answers to a majority of Defendants interrogatories and requests for production, stating health and medical records would be supplemented upon receipt.  *See* Plaintiff's Discovery Responses, Exh. E, pp. 5-9.

21.     In his discovery responses, Plaintiff supplemented his initial disclosure and identified Captain Kenny Sanders as his correctional practices expert.  Plaintiff failed to produce any expert testimony or report of Captain Sanders on or before October 26, 2022 as per the Amended Joint Discovery Plan.  *See* Amended Joint Discovery Plan (Doc. 21 at 11).

22.     In response to discovery Plaintiff provided resumes for two potential expert witnesses, however, did not provide any expert report.  To this date, Plaintiff has not provided any expert witness reports.

23.     On or about August 9, 2022, Defendants sent their second set of combined discovery requests to Plaintiff.  *See* Defendants' Second Discovery Requests to Plaintiff, Exh. F. In its second set, among other things, Defendants requested documentation and other responses to support Plaintiff's liability claims.

24.     To date, Plaintiff has wholly failed to respond to Defendants' second set of combined discovery requests.

25.     On or about October 4, 2022, and in response to Plaintiff's failure to respond to discovery and produce necessary documents, Defendants sent a meet and confer letter to Plaintiff requesting that Plaintiff supplement and provide discovery responses immediately.  *See* Oct. 4, 2022 Letter to Plaintiff's Counsel, attached as Exh. G.  Defendants also requested if Plaintiff did not produce necessary medical documents, that Defendants receive an executed release to obtain such documents.

26.     Plaintiff did not respond to Defendants' written correspondence and has yet to produce the requested medical documents, reports of experts, both liability and damages, any release to obtain medical records, or general responses to written discovery.

27.     Plaintiff also failed to disclose its expert witnesses on or about October 26, 2022, pursuant to the Amended Joint Discovery Plan.

28.     Defendants sent a supplemental expert disclosure on November 30, 2022, to Plaintiff pursuant to the Amended Joint Discovery Plan.  *See* Supplemental Expert Witness Disclosure, attached as Exh. A.  Defendants' supplemental disclosure again pointed out that Defendants could not evaluate Plaintiff's damages claim due to lack of discovery responses and requested documentation from Plaintiff.  *See id.*

DATED this 16th day of December 2022.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.


By /s/Chad E. Adams
   Chad E. Adams
   Hallee C. Frandsen

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of December 2022, a true copy of the foregoing was served:

Via ECF to the following parties:

Melinda A. Driscoll
Fred Law Firm, PLLC
214 N. 24th Street
P.O. Box 2157
Billings, MT 59103-2157


       /s/Chad E. Adams
       BROWNING, KALECZYC, BERRY & HOVEN, P.C.