Chad E. Adams
Hallee C. Frandsen
Browning, Kaleczyc, Berry & Hoven, P.C.
800 N. Last Chance Gulch, Suite 101
P.O. Box 1697
Helena, MT 59624
Telephone: (406) 443-6820
Facsimile: (406) 443-6883
Email: chad@bkbh.com
hallee@bkbh.com

Attorneys for CoreCivic Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| NATHANIEL LAKE<br><br>    Plaintiff,<br><br>v.<br><br>CORECIVIC, LLC, d/b/a CROSSROADS CORRECTIONAL CENTER; WARDEN PAT MCTIGHE; TODD HORN and DOES 1-10<br><br>    Defendants. | Case No. 4:21-CV-00116-BMM-JTJ<br><br>**DEFENDANTS' SECOND COMBINED DISCOVERY REQUESTS TO PLAINTIFF** |

DEFENDANTS, CoreCivic, Inc., Crossroads Correctional Center and Warden Pat McTighe ("CoreCivic Defendants") submit the following discovery requests to be answered under oath by you within 30 days of the day service is made upon you, pursuant to Rule 26 and other applicable Federal Rules of Civil

1

**Exhibit F**

Case 4:21-cv-00116-BMM   Document 24-7   Filed 12/16/22   Page 2 of 12

Procedure. Service of this document is made on the date this document was mailed to you as stated on the attached certificate of service.

## DEFINITIONS AND INSTRUCTIONS

1. These discovery requests are continuing in character, so as to require you to promptly serve supplemental answers pursuant to Rule 26(e), Federal Rules of Civil Procedure, if you obtain further or different information at any time before trial. CoreCivic Defendants, and the rules of procedure, require that you promptly supplement your responses to provide any information you may acquire after serving your initial responses.

2. Unless otherwise indicated, these discovery requests refer to the time, place and circumstances of the occurrence(s) mentioned or complained of in the documents filed with the Court.

3. The term "document" or "writing" as used herein, means all formats and media in which any data or information of any kind can be stored preserved, or recorded. "Document" or "writing" includes, but is not limited to all files, correspondence, records, reports, papers, e-mail, documents, books, letters, faxes, diaries, journals, manuals, minutes of meetings, corporate records, telegrams, messages, communications, press releases, newspaper or magazine articles, handwritten notes, typed or printed notes, charts, graphs, drawings, photographs, films, photographic negatives, memoranda, contracts, financial statements,

consultants' reports, appraisals, estimates, receipts, checks, canceled checks, credit card records, bank records and statements, letters of credit, tax records, assessments, vouchers, surveys, calendars, appointment books, whether in your possession or under your control or not, and includes, without limitation, photostating, photographic, scanned, and every other means of preserving a verbatim or summary record of any form of communication or data, representation, including letters, words, pictures, sounds, symbols, or any combination thereof, and all drafts and final copies thereof. "Document" also includes audiotape, videotape and voice mail; as well as all information or data stored in electronic, digital, or optical formats, including all information or data on any and all formats or media accessible by or compatible with a computer. A request for a document includes a request for all cover pages, indexes, tables, tables of contents, annotations, supplements, addenda, attachments and appendices thereto.

4. In answering these discovery requests, you are required to and must furnish CoreCivic Defendants with all information which is available to you upon reasonable inquiry, including information in the possession of agents of yourself, friends, acquaintances and not merely such information from your personal knowledge.

5. If you cannot answer any of the following discovery requests in full, after exercising due diligence in attempting to do so, so state and answer the remainder,

stating whatever information or knowledge you have concerning the unanswered portion.

6. In each instance in which you are asked to identify a document or writing, state with respect to such document or writing:

    a.    The name and address of each person who signed such writing, if any;

    b.    The date, if any, appearing on the writing as to the date thereof;

    c.    In lieu of items (a) and (b) above, describe the content of the document in such manner and with sufficient particularity to enable such document to be identified in connection with a request for production;

    d.    Whether the original of such writing is in your possession;

    e.    Whether any carbon or photographic or other copy or facsimile thereof is in your possession, if in fact the original is not in your possession. If the document or writing or a copy thereof is not in your custody or control, provide the name, business affiliation, and address of the person or persons who have custody or control of the original or copy; and

    f.    In lieu of identifying a document or writing, you may furnish, as an exhibit to the answers, a copy of the document or writing, designating the number of the discovery request or requests to which the document is responsive.

7. In each instance in which you are asked to identify a person, please answer by stating:

    a.    The full name of each such person; and

    b.    The residence address of such person, by street and number, city or post office and state, or if the residence address is unknown, the business address of such person, by street and number, city or post office and state.

8. A request to identify a conversation, if any, should be answered by setting forth:

    a.    Its date, time and place;

    b.    The identity of each person or persons participating;

    c.    The substance of the matters discussed;

    d.    Whether there are any writings concerning the conversation; and

    e.    Identifying each such writing in accordance with the instructions to these discovery requests.

9. The term "person" includes natural persons, partnerships, limited partnerships, associations, leagues, corporations, governments (including all departments, agencies, bureaus, instrumentalities, officers, agents, and subdivisions thereof), trusts, funds and all other business and artificial entities.

10. "Complaint" means your most recently filed and served Complaint or Amended Complaint(s) in the above-captioned case.

11. You are instructed to produce all documents and things which are responsive to the following requests for production or before 30 days from the date

of service of these discovery requests at the offices of Browning, Kaleczyc, Berry & Hoven, P.C. You may copy the requested documents and mail them to the aforementioned office by the same date, or if you choose to deliver the documents in person, please call ahead at (406) 443-6820 to arrange a mutually agreed upon time and date for their delivery.

## DISCOVERY REQUESTS

**INTERROGATORY NO. 14:** Please identify all persons with knowledge of the allegations in your Complaint regarding your claim that Defendants failed to protect you from an assault occurring in September 2018. In addition to identifying these persons, please set forth a summary of the knowledge these persons related to your allegations, or the subject of their expected testimony.

**ANSWER:**

**INTERROGATORY NO. 14:** Please identify all persons with knowledge of the allegations in your Complaint regarding your claim that Defendants failed to adequately staff their facility. In addition to identifying these persons, please set forth a summary of the knowledge these persons possess related to your allegations, or the subject of their expected testimony.

**ANSWER:**

**INTERROGATORY NO. 15:** Please identify by explaining the date, circumstances, and persons involved, each instance where you have been assaulted at any correctional facility.

**ANSWER:**

**INTERROGATORY NO. 16:** For each Defendant, please identify specifically the facts on which you rely to claim that they individually failed to protect you from harm.

**ANSWER:**

**INTERROGATORY NO. 17:** For each Defendant, please identify specifically the facts on which you rely to claim that they individually failed to act with reasonable care.

**ANSWER:**

**INTERROGATORY NO. 18:** For each Defendant, please identify specifically the facts on which you rely to claim that they individually failed to adequately train and staff the correctional facility.

**ANSWER:**

**INTERROGATORY NO. 19:** Have you ever been involved in any other legal action not identified in your Complaint filed in this matter, including but not limited to criminal actions, either as a defendant or as a plaintiff, or involved as a party to any administrative proceeding? If so, please state:

(a) The date and place each such action was filed, giving the name of the court, the name of the other party or parties involved, the cause number of such actions and the names of the attorneys representing each party; and

(b) A description of the nature and final outcome or disposition of each such action (including terms of settlement, if any).

**ANSWER:**

**INTERROGATORY NO. 20:** State in detail and with particularity all felony offenses of which you have been convicted.

**ANSWER:**

**INTERROGATORY NO. 21:** State in detail and with particularity all times you have been incarcerated, including dates of incarceration, location of incarceration and the offense or offenses from which incarcerated.

**ANSWER:**

**INTERROGATORY NO. 22:** Identify and describe all disciplinary action taken against you while incarcerated, including but not limited to loss of privileges, restrictions in activities, demotions in job duties or firings and/or cell or cellblock relocation.

**ANSWER:**

**INTERROGATORY NO. 23:** Please state in detail your recollection of all facts: (1) leading up to the September 2018 assault from the date you were transferred to Crossroads Correctional Center; (2) the September 2018 assault occurring; and (2) what happened after the September 2018 assault until you were transferred from Crossroads Correctional Center including all medical care you received.

**ANSWER:**

**INTERROGATORY NO. 24:** Please identify any disputes, problems, conflicts or other issues that you had with the inmates who assaulted you in September 2018 prior to the assault occurring. For each dispute, problem, conflict or other issue that you identify, please identify whether you informed any of the Defendants, their employees or agents about that dispute, problem, conflict or other issue. If you did so, please identify which of the Defendants, their employees or agents you informed, what you said, when that conversation took place, whether that conversation was oral or in writing, and where the conversation occurred.

**ANSWER:**

**INTERROGATORY NO. 25:** Please identify all persons you intend to call as witnesses at any trial in this matter. For each person you identify, please state the substance of the testimony you expect they will offer at trial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 10:** For each expert witness you intend to use in this case, please produce any written report they have authored containing information subject to discovery pursuant to Rule 26(b)(4) of the Fed. R. Civ. P.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Please produce copies of all documents that you intend to rely upon to support your failure to protect claim against any Defendant in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** Please produce copies of all correspondence you have had with any person, other than your counsel, regarding the September 2018 assault which is the subject of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** Please produce copies of all correspondence you have had with your family members, including your parents, and any other family member which discuss or otherwise relate to the facts alleged in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Please produce copies of any statements you have received from any other person, including other inmates, which you intend to rely on for any purpose in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** To the extent you have not already produced it, please produce all documents which you intend to rely upon to support your claims against the Defendants, or any of them, in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Please identify all documents which show that you informed any Defendant of the need for separation or otherwise need for protection prior to the September 2018 assault.

**RESPONSE:**

DATED this 9th day of August 2022

                BROWNING, KALECZYC, BERRY
                & HOVEN, P.C.

By: _____
        Chad E. Adams
        Hallee C. Frandsen

Attorneys for CoreCivic Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the ____9th____ day of August, 2022 a true copy of the foregoing was mailed by first-class mail, postage prepaid, addressed as follows:

Melinda A. Driscoll
Fred Law Firm, PLLC
214 N. 24th Street
P.O. Box 2157
Billings, MT 59103-2157

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　BROWNING, KALECZYC, BERRY &
　　　　　　　　　　　　　　　　　HOVEN, P.C.