# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| NATHANIEL LAKE,<br><br>               Plaintiff,<br><br>vs.<br><br>CORECIVIC, INC., d/b/a CROSSROADS CORRECTIONAL CENTER, WARDEN PAT MCTIGHE, and DOES 1-10,<br><br>               Defendants. | Cause No. CV-21-116-GTF-BMM<br><br>ORDER |

## INTRODUCTION

Plaintiff Nathaniel Lake ("Lake") filed this action against Defendants CoreCivic, Inc., Warden Pat McTighe, and Does 1-10 ("CoreCivic Defendants") in the Ninth Judicial District, Toole County, on September 14, 2021. (Doc. 5.) CoreCivic Defendants removed the action to federal court on November 24, 2021. (Doc. 1.) Lake filed an amended complaint on March 21, 2022. (Doc. 17.) CoreCivic Defendants filed an answer. (Doc. 18.) CoreCivic Defendants filed their Motion for Summary Judgment and/or Discovery Sanctions on December 16, 2022. (Doc. 22.) Lake filed a response to this motion on June 10, 2023, after obtaining new counsel.

1

(Doc. 37.) CoreCivic Defendants replied on July 19, 2023. (Doc. 45.) The Court held a hearing on this motion in Helena on August 28, 2023.

## BACKGROUND

Lake was incarcerated at Crossroads Correctional Center ("CCC") in Shelby, Montana. (Doc. 12, ¶ 5.) CoreCivic operates CCC. (Doc. 38, ¶ 1.) Warden McTighe served as the CCC warden while Lake was incarcerated there. (Doc. 12, ¶ 4.) Reid Danell ("Danell"), another person incarcerated at CCC, assaulted Lake on September 17, 2018. (Doc. 12, ¶ 5.) Lake carried a sex offender designation at the time of the assault. (Doc. 12, ¶ 6.) Lake asserts that this classification made him far more vulnerable to attack than others at CCC. (Doc. 17, ¶ 16.) CoreCivic Defendants argue that Danell assaulted Lake because he believed that Lake had attacked his dog while in the yard. (Doc. 23 at 2.) Lake was housed in the E-Pod at the time of the assault. (Doc. 12, ¶ 7.) Lake alleges that the CCC had Danell housed in the D-Pod and that Danell "roam[ed] freely" between housing pods without intervention from staff. (Doc. 17, ¶¶ 18, 39.)

Officer Horn discovered Lake unconscious in his cell approximately fifteen minutes after the assault. (Doc. 23, at 2.) Marias Medical Center in Shelby assessed Lake after an emergency transport from CCC. (Doc. 18, ¶ 23.) Lake later received a life-flight to Benefis Hospital in Great Falls, Montana. (*Id.*) Lake contends that he remained on life support for several weeks. (Doc. 17, ¶ 23.) Lake alleges that he

suffered a traumatic brain injury ("TBI") from the assault and continues to suffer significant and permanent physical and mental injuries, including difficulty walking, speech impairment, and memory impairment. (Doc. 37, at 3.) Lake was released after the Montana Supreme Court vacated his conviction for attempted sexual intercourse without consent. *See State of Montana v. Lake*, 445 P.3d 1211 (Mont. 2019).

The Complaint contains the following four causes of action: (I) Negligence; (II) Violation of the Montana Constitution, art. II §§ 3–4, 22; (III) Violation of § 1983, as to CoreCivic and Warden McTighe; and (IV) Punitive Damages, as to CoreCivic and Warden McTighe. (Doc. 17, ¶¶ 28–57.) Lake seeks compensatory damages, punitive damages, interest, attorney's fees, and costs. (*Id.* at 13.)

Lake missed the deadlines for disclosure of liability and damages experts. (Doc. 38, ¶¶ 21–22, 27.) He sent a partial response to CoreCivic Defendants' first discovery request and failed to provide supplemental responses. (*Id.*, ¶¶ 18–20.) Lake failed to respond to Defendants' second set of discovery requests. (*Id.*, ¶¶ 23–24.) Lake failed to provide any expert witness reports. (*Id.*, ¶ 22.) CoreCivic filed a motion for summary judgment and/or discovery sanctions on December 16, 2022. (Doc. 22.) Lake's counsel filed an *ex parte* motion on January 1, 2023. (Doc. 26.) Lake's previous counsel disclosed that she had long COVID and was experiencing significant cognitive decline. The Court held a telephonic status conference in the

case on April 12, 2023. (Doc. 33.) The Court determined that the interests of justice supported permitting Lake to retain new counsel. (*See* Doc. 34.) Timothy Bechtold ("Bechtold") entered his appearance as new counsel for Lake on May 18, 2023 (Doc. 36) and appeared on behalf of Lake at the hearing on CoreCivic Defendants' Motion for Summary Judgment and/or Discovery Sanctions.

## STANDARD OF REVIEW

Summary judgment proves appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing that no genuine issue of material fact exists. *Blain v. Stillwater Mining Co.*, 92 P.3d 4, 6–7 (Mont. 2004). Once met, the burden shifts to the party opposing the motion to establish otherwise. *Id.* Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine material fact dispute requires sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. at 248.

A Court may impose sanctions against a party who fails to make disclosures or cooperate in discovery:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

4

Fed. R. Civ. P. 37(c)(1). Other failures to comply with discovery permit the Court to issue "further just orders." Fed. R. Civ. P. 37(b)(2)(A). Orders contemplated by Rule 37(b)(2)(A) include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Sanctions imposed for discovery "must be left to the sound discretion of the trial judge." *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976) (citing *Craig v. Far West Engineering Co.*, 265 F.2d 251, 260 (9th Cir. 1959)).

## DISCUSSION

### I. Motion for Summary Judgment.

CoreCivic Defendants seek summary judgment against Lake for his failure to disclose experts and his failure to provide discovery responses and produce documents. (Doc. 23 at 7–14.) CoreCivic Defendants argue that Lake cannot meet

5

his burden of proof without expert testimony. Core Civic Defendants contend that any breaches of the duty of care in operating a correctional facility require expert testimony to establish because such issues fall beyond the common experience of the jury. (Doc. 24 at 8–10.) Lake argues that proving his claims requires no expert testimony. Lake contends that lay jurors can understand that prisons remain responsible for the safety of the people whom they incarcerate. (Doc. 37, at 9.) Lake further contends that jurors can view the surveillance footage from his assault and review public records regarding CoreCivic's violations and deficiencies to establish their breach of the duty of care. (*Id.*)

The Court will not reach the issue of whether expert testimony would be required in this action. Rule 37(c)(1) of the Federal Rule of Civil Procedure bars undisclosed witnesses where the non-disclosing party fails to demonstrate that their non-disclosure was "substantially justified or is harmless." Lake has made such a showing. Lake's prior counsel submitted an affidavit that established that she was suffering from severe neurological symptoms due to long COVID. (Doc. 26, ¶ 4.) Lake's counsel explained how her medical condition impaired her ability to represent Lake and directly affected the discovery process in this action. (*Id.*, ¶ 6.) Lake also has offered to extend the trial schedule in this case. (Doc. 37, at 6 n.1.)

This extension would minimize any prejudice to CoreCivic Defendants by allowing ample time for additional discovery, including deposing any expert Lake

would disclose. Lake's non-disclosure of his witnesses proves substantially justified in light of his counsel's illness and did not unduly prejudice CoreCivic Defendants. The Court will not prohibit Lake from disclosing and introducing testimony of an expert witness, assuming that Lake does so according to any new schedule issued by the Court. CoreCivic Defendants arguments for summary judgment rest on the assumption that Lake will be prohibited from introducing expert testimony. The Court's ruling renders moot these arguments.

CoreCivic Defendants also argue that the Court should grant summary judgment due to Lake's noncompliance with discovery. A dispositive judgment against a party for non-compliance with discovery proves an extreme sanction akin to dismissal. "For dismissal to be proper, the conduct to be sanctioned must be due to willfulness, fault, or bad faith." *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (internal quotations omitted). "Disobedient conduct not shown to be outside the control of the litigant" sufficiently establishes willfulness, fault, or bad faith. *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (internal quotations omitted).

Lake's conduct does not rise to the level of "willfulness, fault, or bad faith." Conduct outside the control of Lake, namely his prior counsel's serious medical condition, resulted in the failure to disclose experts and the failure to respond adequately to discovery requests. Sanctions for discovery noncompliance serve the

goal of promoting respect and adherence to the discovery process. *Di Gregorio v. First Rediscount Corp.*, 506 F.2d 781, 789 (3rd Cir. 1974).

Lake disclosed occupational therapy reports, physical therapy reports, emergency room reports, radiology reports, and plan of care documents from Logan Health in his initial disclosures. CoreCivic Defendants also received Lake's medical expenses from Benefis. These expenses included the cost of the life flight, emergency room costs, all pharmaceutical costs, all laboratory costs, all intensive care costs, and the costs relating to the three weeks Lake spent on life support. CoreCivic Defendants also possess all incident reports, video footage, and other material relating to the assault itself. CoreCivic Defendants filed no motion to compel nor otherwise raised Lake's discovery noncompliance before filing this motion.

Lake failed to answer the second set of discovery requests and failed to supplement the first set of discovery requests. These failures do not substantially prejudice CoreCivic Defendants given the initial disclosures and material already in CoreCivic's possession. CoreCivic Defendants' failure to file a motion to compel also demonstrates the lack of prejudice to CoreCivic Defendants' case. Lake's failure to comply with discovery also resulted from factors outside the control of Lake. Lake's discovery noncompliance does not rise to the level of "willfulness, fault, or bad faith" to warrant summary judgment on all claims.

## II.     Motion for Discovery Sanctions.

CoreCivic Defendants contend that Lake's failure to comply with discovery obligations justifies the imposition of sanctions under Fed. R. Civ. P. 37. (Doc. 23 at 15–17.) Lake takes no position on the issue of sanctions against previous counsel. (Doc. 37 at 17.) Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure authorize sanctions for non-compliance with a discovery order. See Fed. R. Civ. P. 37(b)(2)(A).

"Wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). Affording a broad right to discovery helps ensure that the parties have access to relevant facts. *Id.* Discovery noncompliance must be addressed and sanctioned to promote respect for the open discovery process. The Court exercises discretion in determining which sanctions prove appropriate under the circumstances. *Von Brimer*, 536 F.2d at 844 (citing *Craig*, 265 F.2d at 260).

It stands undisputed that Lake failed to supplement his first set of responses to CoreCivic Defendants and failed to respond to the second set of requests served by CoreCivic Defendants. Lake's noncompliance warrants sanctions. The Court determines that dismissal of Lake's punitive damages claim proves a sanction commensurate with the discovery violations committed. This sanction recognizes that the discovery noncompliance resulted from factors outside Lake's control while

9

still addressing the serious nature of the discovery violations and their effect in delaying trial and prolonging litigation.

## CONCLUSION

The Court will deny CoreCivic Defendants' Motion for Summary Judgment. (Doc. 22.) Summary judgment proves too harsh of a sanction in light of the initial disclosures, the justification offered for the discovery noncompliance, and CoreCivic Defendants' failure to file a motion to compel or otherwise attempt to remedy the discovery violations. The Court will grant CoreCivic Defendants' Motion for Discovery Sanctions. (Doc. 22.) Lake undisputedly failed to provide responses to discovery requests or adequately disclose his experts. Dismissal of Lake's punitive damages claim proves an appropriate sanction to address these violations.

## ORDER

Accordingly, **IT IS ORDERED** that:

1. CoreCivic Defendants' Motion for Summary Judgment and/or Discovery Sanctions (Doc. 22) is **DENIED** to the extent that it seeks summary judgment.

2. CoreCivic Defendants' Motion for Summary Judgment and/or Discovery Sanctions (Doc. 22) is **GRANTED** to the extent that it seeks discovery sanctions.

3. Lake's claim for punitive damages against CoreCivic Defendants is hereby **DISMISSED**.

DATED this 29th day of September, 2023.

_____
Brian Morris, Chief District Judge
United States District Court