IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| **NATHANIEL LAKE,** <br><br> Plaintiff, <br><br> v. <br><br> **CORECIVIC, INC., d/b/a CROSSROADS CORRECTIONAL CENTER, WARDEN PAT MCTIGHE, and DOES 1-10,** <br><br> Defendants. | No. 4:21-CV-00116-BMM <br><br> **FINAL PRETRIAL ORDER** |

Pursuant to Fed. R. Civ. P. 16 and L.R. 16.4, the parties submit this Final Pretrial Order to govern the course of trial in this matter.

I.      **Nature of Action.**

On or about September 17, 2018, Nathaniel Lake was in the custody of CoreCivic's Shelby, Montana prison ("Crossroads Correctional Center") when he was severely beaten by another inmate, Reid Danell. Lake was beaten unconscious and has no memory of the attack.

Correctional Officer Todd Horn discovered Lake unconscious in E Pod cell 220. Lake was taken to Benefis Hospital in Great Falls where he remained

unconscious for approximately one month. Upon discharge from Benefis on January 30, 2019, Lake returned to the infirmary unit at CoreCivic, where he continued to learn to walk and talk again. On August 16, 2019, Lake was released from Crossroads Correctional Center.

Lake alleges that CoreCivic violated his constitutional rights by showing deliberate indifference to the risk of harm to him at the hands of a fellow inmate. Lake further alleges that CoreCivic was negligent in allowing a fellow inmate to enter his pod and cell and assault him. Lake seeks damages caused by CoreCivic's negligence and constitutional violations. Defendants deny liability.

**II.   Jurisdiction and Venue.**

This Court has jurisdiction because Lake alleges violation of the United States Constitution.  28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  Venue is proper in this Court pursuant to 28 U.S.C. §§1391(e) and 1402(b), and LR 3.2. The events giving rise to the claims in this case occurred in this judicial district.

**III.   Jury.**

The case is set for a jury trial on April 21, 2025.

**IV.   Agreed Facts.**

The following facts are agreed upon and require no proof:

1. Crossroads Correctional Center ("CCC") in Shelby, Montana is owned and operated by CoreCivic, Inc.

2. On September 17, 2018, Plaintiff Nathaniel Lake ("Lake") was housed at Crossroads Correctional Center when he was assaulted by another inmate, Reid Danell.

3. A CCC correctional officer, Todd Horn, discovered Lake unconscious in his cell. Lake was taken to Marias Medical Center via ambulance before being transferred to Benefis Hospital via air ambulance.

## V.     Elements of Liability.

In order to bring a negligence claim in Montana, Lake must show that CoreCivic or its officers were negligent under Montana law, breached that duty, and the breach caused harm to Lake. To prove liability against CoreCivic, Lake must prove that CoreCivic and/or its employees failed to conform to the standard of care expected of reasonable correctional facilities and officers.

Lake also alleges federal and state constitutional claims against CoreCivic. In order to prove that CoreCivic violated his constitutional rights, Lake must show that CoreCivic was deliberately indifferent to the substantial risk of harm to Lake. For a claim based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). It is fair to say that acting or failing to act with

deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk. *Farmer*, 511 US at 836. A prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer*, 511 US at 837.

**VI.   Defense Elements.**

Defendants may prevail on the negligence claim if Plaintiff cannot prove by a preponderance of the evidence any of the four elements of a negligence claim: 1) an applicable legal duty to the defendant; 2) breach of that duty; 3) causation of harm; and 4) resulting pecuniary damages. *See Kostelecky v. Peas in a Pod, LLC*, 518 P.3d 840, 851-52 (Mont. 2022).

Defendants may prevail if Plaintiff cannot prove the occurrence, nature, cause, and/or prognosis of an alleged bodily injury or mental injury, disease process or other medical condition is not supported by qualified medical expert testimony. *See Kostelecky, supra.*

Defendants may prevail on Plaintiff's constitutional claims if Plaintiff cannot prove that prison officials were subjectively aware of a substantial risk of serious harm to the Plaintiff and being aware of such risk of harm nevertheless acted with deliberate indifference, which is more than negligence but less than acting

intentionally to case harm or knowledge harm will result. *See e.g., Farmer v. Brennan*, 511 U.S. 825 (1978). Defendants may prevail on the constitutional claims if they prove that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of the danger, or that they know the underlying facts but believed that the risk to which the facts gave rise was insubstantial or nonexistent. *See Farmer*, 511 U.S. at 830. Prison officials are also not liable for constitutional claims where the prison official actually knew of a substantial risk to inmate health or safety but responded reasonably to that risk. *Id.* The prison official's duty is to ensure "reasonable safety" which incorporates due regard for prison officials' "unenviable task of keeping dangerous men in safe custody under humane conditions." *Id.*

The Defendants are not liable and have a defense if they acted in "good faith." There are no precise contours for the defense of good faith, and it is a defense guided by determination of equity and fairness. The good faith defense applies when the defendants did their best to follow the law. Private defendants may be held liable for damages under Section 1983 only if they failed to act in good faith, that is, if they either knew or should have known that the action they took was unconstitutional. *See e.g., Richardson v. McKnight*, 521 U.S. 399 (1997). The good faith defense applies to private actors, and is applicable when a defendant "did its best to follow the law." *Clement v. City of Glendale*, 518 F.3d 1090, 1097 (9th Cir.

2008). "Courts have recognized that good faith is not susceptible to a precise definition." *Cook v. Brown,* No. 6:18-cv-01085-AA, 2019 WL 982384 at * 7 (D. Or. Feb. 28, 2019) (citing *In re Agric. Research & Tech. Grp.*, 916 F.2d 528, 536 (9th Cir. 1990); *In re Roco Corp.*, 701 F.2d 978, 984 (1st Cir. 1983)). The Ninth Circuit has applied the defense "without a precise articulation of its contours." *Cook*, 2019 WL 982384, at *7 (citing *Clement*, 518 F.3d at 1097). However, it is generally understood that principles of equity and fairness underpin the defense. *Cook*, 2019 WL 982384, at *7 (citing *Danielson v. AFSCME*, 340 F.Supp.3d 1083, 1085 (W.D. Wash. 2018).

Warden McTighe may not be liable as supervisor if (1) he did not personally participate in the constitutional violation, or (2) there is not a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989). Warden McTighe may also avoid liability as a supervisor under various supervisory liability defenses set forth in the pattern jury instructions.

Defendants may not be held liable for any damages for which Plaintiff has failed to reasonably mitigate.

Defendants may not be held liable for any damages for which Plaintiff does not have adequate evidentiary support to show the damages are non-speculative, and

in the case of medical and/or mental health related alleged injuries cannot recover for those damages not supported by competent expert medical testimony.

Defendants may not be held liable for any damages which pre-existed the events alleged in the complaint or which were caused by post-event accident/injury, or those caused by Plaintiff's own actions/comparative fault.

Plaintiff may not recover for medical expenses beyond those owed in his Medicaid lien.

## VII. Relief Sought.

Plaintiff seeks to hold CoreCivic liable for Plaintiff's damages.

## VIII. Legal Issues.

1. Whether CoreCivic is liable at all, and if so in what amount for Plaintiff's damages.

2. Necessity of informing the jury about the circumstances of Lake's subsequent release.

3. Precluding CoreCivic from making improper empty chair defense arguments.

4. Allowing Plaintiff to present evidence of malice and obtain a jury determination of punitive damages.

5. Dismissal of Defendant McTigue with prejudice.

## IX. Dismissals.

    Defendant McTigue is dismissed from the case with prejudice.

## X.    Discovery Documents.

Plaintiff will offer the following discovery documents:

1. Defendant's Answer to Interrogatory No. 20.

2. Deposition of Meagan Bennett

Defendant will offer the following discovery documents:

1. Deposition of Nathaniel Lake

2. Deposition of John Johnston

3. Deposition of Jennifer Crowley

4. Lake's responses to Interrogatories No. 14, 16, 17, 23 and 24.

5. Lake's response to Interrogatory No. 5.

6. Lake's response to Interrogatory No. 9.

7. Other discovery materials may be offered for impeachment as necessary.

## XI.    Estimate of Trial Time.

Plaintiff estimates he will require 1.5-2 days, inclusive of jury selection, to present his case in chief. Plaintiff will call four fact witnesses and three expert witnesses. Defendant estimates it will require 2 days to complete its case in chief. Defendant will call at least five fact witnesses and two expert witnesses.

## XII.    Supersession.

This Order supersedes the pleadings in this matter.

DATED this 10th day of April 2025.

_____
Brian Morris, Chief District Judge
United States District Courts


Approved as to form and content:


/s/ Timothy Bechtold                    /s/ Chad Adams
Attorney for Plaintiff                  Attorney for Defendant