IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| NATHANIEL LAKE,<br><br>            Plaintiffs,<br><br>vs.<br><br>CORECIVIC, INC., d/b/a CROSSROADS CORRECTIONAL CENTER, WARDEN PAT MCTIGHE, and DOES 1-10,<br><br>            Defendants. | Cause No. CV-21-116-GTF-BMM<br><br>ORDER |

## INTRODUCTION

The parties tried this case before a jury. The jury awarded Plaintiff Nathaniel Lake ("Lake") $27,750,000 on April 24, 2025, after four days of trial. (Doc. 103.) Plaintiff now moves for the award of attorney's fees and expenses. (Doc. 112.) Plaintiff seeks $422,607.50 in fees and expenses. (Doc. 113 at 10.) Defendant filed no opposition to Plaintiff's motion.

## DISCUSSION

Lake's counsel requests a rate of $540 per hour for their work on the case, reflecting cost-of-living adjustments and increases for experience from the $350 hourly rate the Court previously had determined as reasonable for Lake's counsel in

1

2019. (Doc. 113 at 6.) Lake's counsel also requests a paralegal rate of $125 per hour. (*Id.* at 6–7.) The Court previously has determined such a rate to be reasonable. (*Id.*) Lake's counsel also requests expenses of $64,720.50 for litigation costs. (*Id.* at 9–10.)

A court may award a "prevailing party, other than the United States," to recover reasonable attorney's fees (including expert fees). 42 U.S.C. § 1988(b). A plaintiff is "a prevailing party" if they "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978)). It remains for a court to determine what fee would be "reasonable." *Id*. A court can calculate a reasonable fee by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *Id*.

A court retains "narrow" discretion to deny fees under § 1988. *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir. 2009) (overruled on other grounds by *Arizona v. ASARCO LLC*, 773 F.3d 1050 (9th Cir. 2014)). Fee awards exist as the rule rather than the exception. *Id.* A court may deny a motion for attorney's fees under 42 U.S.C. § 1988 under special circumstances, even in cases with significant jury awards. *Miller v. City of Portland*, 868 F.3d 846, 850–51 (9th Cir. 2017).

The primary consideration is whether "special circumstances" exist that would make the award unjust. Courts generally evaluate two factors to determine if special circumstances warrant the denial of attorney's fees: (1) whether allowing attorney fees would further the purposes of § 1988, and (2) whether the balance of equities favors or disfavors the denial of fees. *Id.* A court should not refuse a reasonable fee under the special circumstances exception simply because the court believes it "would result in a windfall" to a plaintiff. *Thomas v. City of Tacoma*, 410 F.3d 644, 648 (9th Cir. 2005). A district court may award a "haircut" reduction "not greater than 10 percent . . . based on its exercise of discretion and without a more specific explanation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

The Court has reviewed Lake's counsel's motion and exhibits documenting the time and expenses put into the case. The Court commends counsel for the thoroughness of the records provided to the Court. The Court will adjust Lake's counsel's rate to $520 per hour and award Lake's counsel $410,315.50 in attorney's fees and expenses. *Moreno*, 534 F.3d at 1112. This amount reflects the quality of the legal representation provided and the favorable result of a verdict of $27,775,000 on behalf of their client (Doc. 103.)

## ORDER

Accordingly, **IT IS ORDERED** that:

1. Lake's motion for attorney's fees and expenses (Doc. 112) is **GRANTED.** The Court will award Lake's counsel $410,315.50 in attorney's fees and expenses.

DATED this 15th day of August, 2025.

_____
Brian Morris, Chief District Judge
United States District Court